UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMPSON, CDCR #AU-9252,<br><br>        Plaintiff,<br><br>vs.<br><br>RJDCF WARDEN, et al.,<br><br>        Defendants. | Case No.: 24-cv-0357-MMA (DDL)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff David A. Thompson, proceeding pro se and currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1, "Compl." Plaintiff alleges various RJD officials have violated his constitutional rights by denying him single cell accommodations due to his incontinence. *Id.* at 6–11. He seeks injunctive relief in the form of permanent single cell status as well as compensatory and punitive damages. *Id.* at 14.

/ / /

/ / /

I.   **FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a failure to pay the entire fee only if the Plaintiff seeks and the court grants him leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners:  under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

Therefore, to proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2).  Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's

---

[1] In addition to the $350 statutory fee, civil litigants filing suit on or after December 1, 2023 must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) The additional administrative fee does not apply to persons granted leave to proceed IFP. *See* District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023); *available at* https://www.casd.uscourts.gov/_assets/pdf/attorney/CASD%20FEE%20_SCHEDULE.pdf (last visited Feb. 23, 2024).

account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).

Here, Plaintiff has neither paid the $405 filing pursuant to 28 U.S.C. § 1914(a) nor submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). He has attached a letter to his Complaint indicating that he wishes to file a Motion to Proceed IFP, but claims he "is unable to process the paperwork the way the prison wants him to," and fears his paperwork will be thrown away by "crooked staff." *See* Compl. at 15. However, until Plaintiff either pays the filing fee in full or complies with 28 U.S.C. § 1915(a)'s requirements, his case cannot proceed. *See Andrews*, 493 F.3d 1047, 1051; *Hymas,* 73 F.4th at 765.

## II. CONCLUSION

Accordingly, the Court:

1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a);

2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to re-open the case by: (a) paying the entire $405 filing fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR3.2.b; and

3) **DIRECTS** the Clerk of Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either pay the $405 civil filing fee in full or complete and submit the enclosed Motion to Proceed IFP within 45 days, his case will remain dismissed without

/ / /

/ / /

prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[2]

**IT IS SO ORDERED.**

Dated: February 27, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiff is further cautioned that if he chooses to re-open this case by either paying the full $405 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to a preliminary screening pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he has paid the fee, or is granted leave to proceed IFP and is obligated to pay it in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").