1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMPSON,<br>CDCR #AU-9252,<br><br>                                              Plaintiff,<br><br>          vs.<br><br>JAMES S. HILL, RJDCF Warden;<br>L. SCHOBELOCK, R.N.; R. BARENCHI,<br>CME, S. GATES, Chief Health Care<br>Correspondence; JOHN/JANE DOE, Appeals<br>Coordinator; J. MOECKLY, Reviewing<br>Authority; A. REYES, ADA Coordinator;<br>Dr. HODGES, Chief Physician and Surgeon;<br>R. BLANDING, Custody Appeals<br>Representative; B. CAMPBELL, Health Care<br>Compliance Analyst; V. ANDERSON, Health<br>Care Grievance Representative; Dr.<br>KAUFFMAN, Clinical Psychologist;<br>B. MILLIUM, Educator,<br><br>                                              Defendants. | Case No.:  24-cv-00357-MMA (DDL)<br><br>**ORDER GRANTING MOTION**<br>**FOR EXTENSION OF TIME TO**<br>**FILE AMENDED COMPLAINT**<br><br>**[Doc. No. 9]** |

        Plaintiff David A. Thompson is incarcerated at R.J. Donovan Correctional Facility

("RJDCF") in San Diego, and proceeding pro se in this civil rights action pursuant to 42

U.S.C. § 1983.  On July 15, 2024, the Court granted Plaintiff's Motion to Proceed *In*

*Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but dismissed his Complaint *sua sponte*

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it failed to state a claim upon which relief can be granted. *See* Doc. No. 8. The Court provided Plaintiff with a explanation of his pleading deficiencies, and granted him 45 days leave in which to fix them. *Id.* at 8–17. August 20, 2024, Plaintiff filed a motion requesting an extension of time in which to amend. *See* Doc. No. 9.

**MOTION FOR EXTENSION OF TIME**

"'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. Fed. R. Civ. P. 6(b)(1)(A). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Plaintiff claims RJCDF has one law library serving four prison yards, and that he has been able to get into the library only once over the last two months. *See* Doc. No. 9 at 1. He requests an additional 90 days time in which to properly comply with the July 15, 2024 Order due to his "extreme limited access to the law library," his "ignorance [of] the law," and so he "does not have to repeat this process again." *Id.* at 1–2.[1]

---

[1] The Court reminds Plaintiff that his Amended Complaint does not require him to conduct any legal research. Instead, it must simply include a recitation of *facts* already known to

2

Good cause appearing, the Court **GRANTS** Plaintiff's Motion (Doc. No. 9), and extends the time in which he may file an Amended Complaint in compliance with its July 15, 2024 Order.  Plaintiff's Amended Complaint must address all the pleading requirements set out in that Order, and must be submitted to the Clerk of the Court for filing by **November 22, 2024**.[2]

If Plaintiff fails to file an Amended Complaint on or before then, the Court will enter a final Order dismissing this civil action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 26, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

him that plausibly show each Defendant he seeks to sue, "through [his or her] own individual actions, [] violated the Constitution," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that therefore, he is entitled to relief in light of the pleading standards already identified for him in the Court's July 15, 2024 Order.  *See Rivera v. San Diego Central Jail,* Case No. 19-CV-1259 JLS (NLS), 2020 WL 1062950, at *2 (S.D. Cal. Mar. 5, 2020) (citing *Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) ("The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.")).

[2] The Court cautions that because this extension of time is generous, no further extensions will be granted absent a showing of extraordinary circumstances outside of Plaintiff's control.  *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (noting a court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

3