UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMPSON, CDCR #AU-9252,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES S. HILL, RJDCF Warden; L. SCHOBELOCK, R.N.; R. BARENCHI, CME, S. GATES, Chief Health Care Correspondence; JOHN/JANE DOE, Appeals Coordinator; J. MOECKLY, Reviewing Authority; A. REYES, ADA Coordinator; Dr. HODGES, Chief Physician and Surgeon; R. BLANDING, Custody Appeals Representative; B. CAMPBELL, Health Care Compliance Analyst; V. ANDERSON, Health Care Grievance Representative; Dr. KAUFFMAN, Clinical Psychologist; B. MILLIUM, Educator; GARDNER, Correctional Officer; CASTRO, Correctional Officer; JOHN DOE, ADA Sergeant; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>        Defendants. | Case No.: 24-cv-00357-MMA (DDL)<br><br>**ORDER:**<br><br>**(1) SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**(2) DENYING MOTION TO REQUEST STATUS UPDATE AS MOOT; AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>[Doc. Nos. 14, 17] |

## I. INTRODUCTION

Currently before the Court and subject to initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), is Plaintiff David A. Thompson's Amended Complaint filed pursuant to 42 U.S.C. § 1983, and a motion requesting a status update. *See* Doc. No. 14 ("FAC"); Doc No. 17. Plaintiff is now incarcerated at the Substance Abuse Treatment Facility ("SATF") in Corcoran, but his FAC seeks damages and injunctive relief against the State of California, its Department of Corrections and Rehabilitation ("CDCR"), and various prison officials who are alleged to have denial his request for a permanent single-cell housing assignment while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in 2023.

The Court previously granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but dismissed his original complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1). *See* Doc. No. 8. Specifically, the Court found Plaintiff failed to allege facts sufficient to: (1) support any individualized claim for relief against Defendants Hill, Schobelock, Barenchi, Gates, Moeckly, and John/Jane Doe, Appeals Coordinator, *id.* at 9–11; (2) hold Defendants Reyes, Hodges, Blanding, Campbell, Anderson, Kauffman, or Millum liable for violating his Eighth Amendment rights with respect to his eligibility for permanent single-cell housing, *id.* at 11–14; and (3) support a plausible claim for relief as to any individual Defendant under the Americans with Disabilities Act ("ADA"). *Id.* at 14–16.

For the reasons explained, the Court now screens Plaintiff's FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), finds it states plausible Eighth Amendment and ADA claims upon which relief may be granted, **DENIES** his motion to request a status update as moot in light of this Order, and **DIRECTS** the U.S. Marshal to effect service of process on his behalf.

//
//
//

## II. S&#x354;creening

**A.     Standard of Review**

Because Plaintiff remains a prisoner and is proceeding IFP, his FAC, like his original complaint, requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'"  *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Federal Rules of Civil Procedure 8(a) and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.     Plaintiff's Amended Complaint**

Plaintiff's FAC differs from his original in several critical ways.  First, he adds specific allegations and a sworn declaration from a former RJD cellmate that plausibly show Correctional Officers Gardner and Castro were aware his incontinence caused multiple fights with his cellmate but refused to move him.  *See* FAC at 3–4; 9, Ex. 1, Doc. No. 14-1 at 2–3.  Second, he now claims both the Defendants who comprised his Reasonable Accommodation Panel ("RAP") (Reyes, Hodges, Blanding, Campbell,

Anderson, Kauffman, and Millum), and the medical and appeals officials who reviewed and denied his September 19, 2023 CDCR Health Care 602 appeal and ADA Reasonable Accommodation Request CDCR 1824 Form (Schobelock, Barenchi, Gates, John Doe ADA Sergeant, and Moeckly), were all "aware [he] and his prior cellmate had multiple fist fights due to [his] disability," and either falsified documents indicating he had no safety concerns, never interviewed him regarding safety concerns, or knowingly relied on "false[] claims" that he was not at risk of injury when they denied his requests for a permanent single-cell housing accommodation based on his disability. *See* FAC at 5, 6–8, 11. Finally, Plaintiff adds Defendants State of California and CDCR as the public entities responsible for failing to provide him with a permanent single-cell housing accommodation due to the vulnerability of attack posed by his disability. *Id.* at 9–12.

### C.     Unnamed Parties

First, in conducting its screening of Plaintiff's FAC, the Court notes that unlike his original complaint, his FAC no longer seeks relief against RJD's Warden James S. Hill, or John/Jane Doe, an unidentified RJD Appeals Coordinator. Therefore, the Court **DISMISSES** these Defendants as parties to this action based on Plaintiff's failure to state any claim for relief against them pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

### D.     Eighth Amendment Claims

Second, as he did in his original pleading, Plaintiff's FAC continues to assert violations of his "civil rights," but this time he identifies the Eighth Amendment as the constitutional basis for his failure to protect claims. *See* FAC at 3, 9. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)

1  (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential
2  elements: (1) that a right secured by the Constitution or laws of the United States was
3  violated, and (2) that the alleged violation was committed by a person acting under the
4  color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir.
5  2021) (citing *Long v. Cnty of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

6  Specifically, Plaintiff now alleges Officers Gardner and Castro expressly refused
7  his requests for a cell move due to "multiple fights" with his cellmate cause by his
8  incontinence, *see* FAC at 3–4, 9, "didn't care" and stated: "[Y]ou are both alive so it must
9  not be that serious." *See* Ex. 1, Doc. No. 14-1 at 2. He further alleges the RAP
10 Defendants, as well as Defendants Schobelock, Barenchi, Gates, and Moeckly, all knew
11 "he and his cellmate had gotten into fist fights over [his] disability," because his
12 September 19, 2023 Health Care CDCR 602, his CDCR 1824 Reasonable
13 Accommodation Request Form, and subsequent CDCR 602 grievances he filed
14 referenced those fights and the physical safety concerns posed by his fecal incontinence.
15 *See* FAC at 5–9, Doc. No. 14-1 at 4–37, Exs. 2– 9. In fact, Plaintiff contends the RAP's
16 Final Response to his single-cell request noting his height and weight suggests that while
17 these Defendants knew his incontinence made him vulnerable to in-cell attacks, they
18 nevertheless left him to "defend himself." *See* FAC at 9, Ex. 9, Doc. No. 14-1 at 20.

19 While double-celling is not constitutionally impermissible, *see Rhodes v.*
20 *Chapman*, 452 U.S. 337, 348 (1981), "every inmate, from the scrawniest to the brawniest,
21 has the right to have his jailers not be deliberately indifferent to a substantial risk of
22 serious harm to him." *Mooring v. San Francisco Sheriff's Dep't*, 289 F. Supp. 2d 1110,
23 1118 (N.D. Cal. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("Being
24 violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay
25 for their offenses against society.'")). Therefore, the Eighth Amendment requires prison
26 officials to take reasonable measures to protect inmates from known risks of violence.
27 *See Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing *Farmer*, 511 U.S. at 833).
28 Where, as here, prison officials are specifically alleged to have known that a housing

assignment created substantial risk to Plaintiff's inmate's safety in the past, and to have further acted with deliberate indifference to the risk that Plaintiff would face serious harm in the future unless that risk was abated, the Eighth Amendment may be violated. *See Farmer*, 511 U.S. at 842 (deliberate indifference may be established if Plaintiff alleges facts sufficient to "infer[ ] from circumstantial evidence" that "the risk was obvious"). "[D]eliberate indifference can be predicated upon knowledge of a victim's particular vulnerability (though the identity of the ultimate assailant not known in advance of attack)[.]" *Clark v. California*, 739 F. Supp. 2d 1168, 1178 (N.D. Cal. 2010) (citing *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005)). In fact, if a prisoner alleges to face a substantial risk of serious harm, he need not wait until he actually suffers an attack before asserting a deliberate indifference or threat-to-safety claim. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition.").

For these reasons, the Court finds Plaintiff's FAC sufficient to support a plausible claim for relief under the Eighth Amendment. *See Iqbal,* 556 U.S. at 678.

**E.     ADA Claims**

Finally, because Plaintiff's factual allegations also focus on the denial of his September 2023 request for permanent single-cell housing due to his fecal incontinence,[1] and he alleges he was denied the benefit of an accommodation and discriminated against "because of his disability," *see* FAC at 11–12, the Court also liberally construes his claims for relief *as to the public entity Defendants only* (State of California and CDCR) as arising under the ADA, 42 U.S.C. § 12132. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (noting court's "obligation where the petitioner is pro se,

---

[1] Title II defines disability as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." *See* 42 U.S.C. § 12102(1)(A). "[A] major life activity . . . includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, *bowel*, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B) (emphasis added).

particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt") (citations omitted); *Alvarez v. Hill,* 518 F.3d 1152, 1157–58 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss.").

Title II of the ADA, 42 U.S.C. § 12102, prohibits discrimination on the basis of disability. *Lowell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). "[T]here is no question that defendant CDCR, as a 'department [or] agency . . . of a State' is a 'public entity' for purposes of the ADA, 42 U.S.C. § 12131(1)." *Jones v. Scotland*, 2015 WL 461633, at *4 (E.D. Cal. Feb. 3, 2015), *report and recommendation adopted*, 2015 WL 1347412 (E.D. Cal. Mar. 23, 2015).

To state a claim under Title II of the ADA, Plaintiff must allege: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities, (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

As amended, Plaintiff's FAC includes sufficient factual allegations to plausibly show his incontinence qualifies as a disability, *see Leishner v. Coeur d'Alene Cnty. Sheriff's Off.*, No. 2:24-CV-00395-BLW, 2024 WL 5246516, at *5 (D. Idaho Dec. 30, 2024) (citing *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) ("Shaw's confinement to a wheelchair and incontinence render him disabled within the meaning[] of the ADA.")), that disability substantially limits his ability to safely sleep while housed with another inmate, *see* FAC at 3; 10; *Granados v. J.R. Simplot Co.*, 266 F. App'x 547, 549 (9th Cir. 2008) ("[S]leeping is a major life activity" under the ADA), he is otherwise

entitled to housing that does not pose a substantial risk to his health or safety, *see Harper v. Cnty. of Merced*, No. 1:18-CV-00562 LJO SKO, 2018 WL 5880786, at *9 (E.D. Cal. Nov. 8, 2018) (finding prisoner's allegation of being denied "reasonably safe housing at the jail" was facially adequate for purposes of pleading the denial of a public service under the ADA); and that he was denied the benefit of that service "because of his disability." *See* FAC at 10–12. Thus, taken together, the allegations in Plaintiff's FAC are sufficient to support a plausible claim for relief against the public entity Defendants under the ADA. *See Iqbal*, 556 U.S. at 678.

To the extent Plaintiff seeks to hold any of the *individual* Defendants liable under the ADA, however, he fails to state a claim. *See City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 610 (2015) ("Only public entities are subject to Title II[.]"); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (A "plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA.").

**F.   Summary**

As liberally construed, the Court finds the FAC's remaining Eighth Amendment individual capacity claims[2] seeking damages[3] against Defendants Schobelock, Barenchi, Gates, Reyes, Hodges, Blanding, Campbell, Anderson, Kauffman, Millum, Moeckly, Gardner, Castro, and ADA Sergeant John Doe, as well as the ADA reasonable accommodation discrimination claims as alleged against Defendants State of California

---

[2] To the extent Plaintiff's FAC seeks damages against these Defendants in their "official capacity" however, *see* FAC at 2, his claims may not proceed as they are barred by the Eleventh Amendment. *See Mitchell v. Washington,* 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

[3] Plaintiff's transfer from RJD to SATF has rendered moot his claims for injunctive relief with respect to the RJD Defendants. An inmate's transfer generally moots a claim for injunctive relief relating to his former prison's practices or policies, unless the suit is certified as a class action or there is evidence the prisoner will be transferred back. *See Endsley v. Luna*, 750 F. Supp. 2d 1074, 1109 (C.D. Cal. 2010) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)); *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam)).

and CDCR meet the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus are "sufficient to warrant . . . an answer." *Wilhelm*, 680 F.3d at 1123.

Accordingly, the Court will order the U.S. Marshal to effect service of process upon these *named* Defendants on Plaintiff's behalf.[4] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. CONCLUSION

For the reasons discussed, the Court:

(1) **DISMISSES** Defendants JAMES S. HILL, RJDCF Warden, and JOHN/JANE DOE, Appeals Coordinator, and **DIRECTS** the Clerk of the Court to terminate them as parties to this matter based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[4] While the Court finds the individual capacity Eighth Amendment allegations in Plaintiff's FAC seeking damages against John Doe, ADA Sergeant are sufficiently pleaded to survive initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), he must first identify this person, submit an amended pleading and/or file a motion to substitute the Sergeant's true name, and request U.S. Marshal service upon this individual as required by Federal Rule of Civil Procedure 4 before any claim alleged against this Defendant may proceed. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify unknown Does, unless it is clear that discovery would not uncover their identities, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

    (2)    **DISMISSES** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) all official capacity claims for damages as alleged against Defendants SCHOBELOCK, BARENCHI, GATES, MOECKLY, REYES, HODGES, BLANDING, CAMPBELL, ANDERSON, KAUFFMAN, MILLUM, GARDNER, CASTRO and JOHN DOE, ADA Sergeant as barred by the Eleventh Amendment.

    (3)    **DISMISSES** Plaintiff's claims for injunctive relief as to Defendants SCHOBELOCK, BARENCHI, GATES, MOECKLY, REYES, HODGES, BLANDING, CAMPBELL, ANDERSON, KAUFFMAN, MILLUM, GARDNER, CASTRO and JOHN DOE, ADA Sergeant as moot in light of his transfer from RJD to SATF.

    (4)    **DENIES** Plaintiff's Motion to Request Status Update (Doc. No. 17) as moot in light of this screening Order.

    (5)    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Amended Complaint upon Defendants SCHOBELOCK, BARENCHI, GATES, MOECKLY, REYES, HODGES, BLANDING, CAMPBELL, ANDERSON, KAUFFMAN, MILLUM, GARDNER, CASTRO, STATE OF CALIFORNIA, and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and forward it to him along with fifteen blank U.S. Marshal Form 285s. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, its Order Granting IFP (Doc. No. 8), certified copies of his Amended Complaint (Doc. No. 14), and the summons so that he may serve these named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

    (6)    **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Amended Complaint and summons upon Defendants SCHOBELOCK, BARENCHI, GATES, MOECKLY, REYES, HODGES, BLANDING, CAMPBELL, ANDERSON, KAUFFMAN, MILLUM, GARDNER, CASTRO, STATE OF CALIFORNIA, and

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION at the addresses provided by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon these Defendants with the Clerk of Court as soon as possible after their return. Should Defendants fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Returns with the Clerk of Court, include the date the summons, Amended Complaint, and requests for waiver were mailed to each Defendant, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if any Defendant located within the United States fails without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(7) ORDERS Defendants SCHOBELOCK, BARENCHI, GATES, MOECKLY, REYES, HODGES, BLANDING, CAMPBELL, ANDERSON, KAUFFMAN, MILLUM, GARDNER, CASTRO, STATE OF CALIFORNIA, and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, once served, to reply to the claims found sufficient to survive screening in Plaintiff's Amended Complaint, *and any subsequent pleading Plaintiff may file in this matter naming them as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

(8) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants'

counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

     **IT IS SO ORDERED**.

Dated:  May 27, 2025

     HON. MICHAEL M. ANELLO
     United States District Judge