UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMPSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>L. SCHOBELOCK, et al.,<br><br>　　　　　　　Defendants. | Case No.:  24-cv-357-MMA-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**[Dkt. No. 21]** |

Plaintiff, incarcerated at the Substance Abuse Treatment Facility in Corcoran and proceeding *pro se* in this action under 42 U.S.C. § 1983, moves to amend his First Amended Complaint ("FAC") "to clarify that he is suing the named defendants in their official capacit[ies] for prospective injunctive relief" under *Ex Parte Young*, 209 U.S. 123 (1908). Dkt. No. 21 at 1. Plaintiff also moves under Federal Rule of Civil Procedure 15(d) to "supplement his First Amended Complaint" with the declaration of his cellmate, Steven Dalton. Dkt. No. 21 at 1, 5-9.

Rule 15(d) "is designed to permit expansion of the scope of existing litigation to include events that occur after the filing of the original complaint." *Keith v. Volpe*, 858 F.2d 467, 471 (9th Cir. 1988). The declaration of Steven Dalton does not appear to concern events that occurred after the filing of the original complaint. *See* Dkt. No. 21 at 5-9. Because "*pro se* filings must be liberally construed," *Simmons v. United States*, 142 S. Ct. 23, 24 (2021), the Court takes Plaintiff to move to amend his FAC solely under Rule 15(a).

Under Rule 15(a), a party may amend its pleading once as a matter of course "no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2).

Plaintiff's FAC is a pleading "to which a responsive pleading is required," and it has not yet been 21 days since service of a responsive pleading or motion. In fact, Defendants only just waived service a week ago. *See* Dkt. Nos. 23-32. Therefore, under Rule 15(a), Plaintiff has the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, . . . the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility."[1] *Rogers v. King Cnty.*, No. 2:23-CV-01034-DGE-GJL, 2023 WL 6979237, at *1 (W.D. Wash. Oct. 23, 2023) (citing *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007)).

Accordingly, the Court GRANTS Plaintiff's motion to amend his complaint. He must file his amended complaint within sixty days of this order's entry. Plaintiff is advised that his amended complaint will supersede the current complaint, which means that the amended complaint must be complete on its face without reference to the prior pleading.

---

[1] The District Court previously ordered that, "[t]o the extent Plaintiff's FAC seeks damages against these Defendants in their official capacity . . . his claims may not proceed as they are barred by the Eleventh Amendment." *Id.* at 8 (citing *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). And although Plaintiff is correct that "sovereign immunity does not bar official capacity claims against state officials when Plaintiff seeks prospective [injunctive] relief" under *Ex Parte Young*, Dkt. No. 21 at 2, the District Court also noted Plaintiff's transfer from RJD to SATF "rendered moot his claims for injunctive relief with respect to the RJD Defendants. An inmate's transfer generally moots a claim for injunctive relief relating to his former prison's practices or policies. . . . Dkt. No. 18 at 8 (collecting cases).

*See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012). "Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint." *Harris v. Parks*, No. 1:19-CV-00429-JDP, 2019 WL 5208937, at *1 (E.D. Cal. Oct. 16, 2019) (citing Fed. R. Civ. P. 18).

For the reasons discussed above, the Court:

1. GRANTS Plaintiff's motion to amend his complaint. Plaintiff must file his amended complaint by **September 26, 2025**. Plaintiff shall caption the document "Second Amended Complaint."
2. ORDERS Plaintiff to serve upon Defendants a copy of the Second Amended Complaint.
3. ORDERS Plaintiff, consistent with the District Court's Order at Dkt. No. 18, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: July 25, 2025

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge