UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMPSON,<br><br>                              Plaintiff,<br><br>v.<br><br>JAMES S. HILL, et al.,<br><br>                              Defendants. | Case No.: 24-CV-357 TWR (DDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO RECUSE AND FOR DISQUALIFICATION OF JUDGE TODD W. ROBINSON UNDER 28 U.S.C. §§ 144 AND 455**<br><br>(ECF No. 64) |

Presently before the Court is Plaintiff David A. Thompson's Motion to Recuse / Motion for Disqualification of Judge Todd W. Robinson Under 28 U.S.C. §§ 144 and 455 ("Mot.," ECF No. 64), through which "Plaintiff respectfully moves this Court for an order disqualifying and recusing District Judge Todd W. Robinson from further proceedings in this matter[]" because" "the Judge[']s actions demonstrate bias and create a reasonable question regarding his impartiality." (*See id.* at 1.)  Specifically, Plaintiff points to the undersigned's "sua sponte den[ial of] [Plaintiff's motion for a] TRO without waiting for or considering Plaintiff's reply brief" and the Court's failure to rule on several pending motions regarding service. (*See id.* at 2.)  According to Plaintiff, "[t]hese actions collectively create the appearance that the Court has prejudged Plaintiff's claims, is refusing to allow Plaintiff a fair litigation process, and is acting in a manner favorable to

the defendant[]s." (*See id.* at 2–3.) Plaintiff invokes both 28 U.S.C. §§ 144 and 455.[1] (*See generally* Mot.)

"Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "Section 144 expressly conditions relief upon the filing

---

[1] Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In relevant part, (*see* Mot. at 8), Section 455 reads:

> (a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)   He shall also disqualify himself in the following circumstances:
>
>   (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; [and]
>
>   . . .
>
>   (5)   He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>     . . .
>
>     (iii)   Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>     (iv)   Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. §§ 455(a), (b)(1), (b)(5)(iii)–(iv).

of a timely and legally sufficient affidavit." *Sibla*, 624 F.2d at 867 (collecting cases). "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." *Sibla*, 624 F.2d at 867 (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), *cert. denied*, 440 U.S. 907 (1979)). "Section 455, on the other hand, sets forth no procedural requirements." *Sibla*, 624 F.2d at 867. "That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *Id.* at 867–68. "Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Sibla*, 624 F.2d at 868.

First, regarding the sufficiency of the affidavit required under Section 144, "the affidavit must meet three requirements." *Azhocar*, 581 F.2d at 739. "It must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *Id.* "The focus is not only on the source of the facts and their distorting effect on a decision on the merits, . . . but also on (3) the substantiality of the support given by these facts to the allegation of bias[.]" *Id.* at 739–40. Because the alleged bias must stem from an extrajudicial source, "[a]dverse rulings do *not* constitute the requisite bias or prejudice of § 144." *Id.* at 739 (emphasis added) (citing *Berger v. United States*, 255 U.S. 22, 34 (1921); *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 43–44 (1913); *Chessman v. Teets*, 239 F.2d 205, 215 (9th Cir. 1956), *vacated on other grounds*, 354 U.S. 156 (1957); *Beecher v. Fed. Land Bank*, 153 F.2d 987, 988 (1945), *cert. denied*, 328 U.S. 871, *reh'g denied*, 329 U.S. 819 (1956); *In re Equitable Trust Co.*, 232 F. 836, 840 (9th Cir. 1916)); *see also, e.g.*, *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) ("[T]he 'extrajudicial source' factor . . . generally requires as the basis for recusal something other than rulings, opinions formed or

/ / /

1 statements made by the judge during the course of trial." (second alteration in original)
2 (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).
3     Here, Plaintiff's affidavit provides, in full:

> **IV. AFFIDAVIT OF BIAS (28 U.S.C. §144)**
>
> I, David A. Thompson, declare:
>
> 1.) I am the Plaintiff in this action.
>
> 2.) Judge Todd W. Robinson denied my Emergency Motion for TRO on October 30, 2025 – 13 days before my reply brief was due, and only one day after defendants filed their Opposition.
>
> 3.) The Court's refusal to Allow me to file my reply as ordered demonstrates prejudgment of the issues.
>
> 4.) The Court has also failed to rule on my timely motions for Service on additional defendants, which Prevents me from prosecuting my case.
>
> 5.) These Actions create the appearance that the Judge is biased against me and is not treating my filings fairly.
>
> I declare under penalty of perjury that the facts stated above are true and correct to the best of my knowledge. Executed on: December 13, 2025
>
> *David Thompson*
> David Thompson, AU-9252

(*See* Mot. at 4.) Because Plaintiff's allegations of bias stem solely from the undersigned's actions taken within the context of this litigation, Plaintiff's affidavit is legally insufficient, and this Motion need not be assigned to another judge. *See Azhocar*, 581 F.2d at 738.

///

Turning to the merits, to obtain relief under either Section 144 or Section 455, Plaintiff again must demonstrate that the undersigned's alleged bias is both "(1) personal, i.e. directed against the party, and (2) extra-judicial." *See United States v. Carignan*, 600 F.2d 762, 763–64 (9th Cir. 1979) (citing *Berger*, 255 U.S. at 41; *Azhocar*, 581 F.2d at 739). Because Plaintiff has failed to do so, *see supra* at 4, the Court necessarily **DENIES** Plaintiff's Motion.[2] *See, e.g.*, *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient [to warrant recusal]."); *Shore v. Mohave Cnty.*, 644 F.2d 1320, 1322 (9th Cir. 1981) (affirming denial of request for new trial based on allegation of judge's bias where "there [wa]s no claim that the judge's bias was based on anything other than his evaluation of the witnesses and the record"); *Azhocar*, 581 F.2d at 740 (affirming district judge's determination that affidavit of bias was insufficient where the judge's "remarks appear

///

---

[2] For what it is worth, the undersigned assures Plaintiff that he harbors no bias or prejudice against him. Because this case was only reassigned to the undersigned on August 15, 2025, (*see* ECF No. 41), and the majority of pending motions have been set before the Honorable David D. Leshner, the undersigned's familiarity with this case is limited to its review of and ruling on Plaintiff's October 17, 2025 Emergency Motion for TRO and Preliminary Injunction Under Fed. R. Civ. P. 65 (ECF No. 49), which raised on an emergency basis an issue that was already before Judge Leshner in Defendants' Motion to Dismiss the Second Amended Complaint for Failure to State a Claim for Which Relief May Be Granted (ECF No. 48). (*Compare* ECF No. 49, *with* ECF No. 48 at 8–12.) Given the emergency nature of Plaintiff's motion, the undersigned expeditiously denied Plaintiff's request on the grounds that Plaintiff had failed to demonstrate that irreparable injury was likely absent the Court ordering that Plaintiff be housed in a single cell because there was no evidence that Plaintiff's current cellmate was a danger to Plaintiff. (*See generally* ECF No. 55.) To be clear, nothing in the Court's ruling prevents Plaintiff from seeking emergency relief in the future if Plaintiff is capable of making such a showing. Further, the Court "was not required to wait for a reply brief before ruling" because Plaintiff had "failed to 'present [a] prima facie case[] for injunctive relief' in [his] opening brief" and "could not raise new arguments in [his] reply brief to establish the necessary prima facie case[.]" *See Goldberg v. Barreca*, 720 F. App'x 877, 878 (9th Cir. 2018) (first and second alterations in original) (citing Fed. R. Civ. P. 1). Although the Court understands that these assurances are unlikely to assuage Plaintiff, the Court endeavors to apply the law neutrally and fairly based on the record before it. Unfortunately, by virtue of the adversarial nature of the justice system, the Court rarely finds itself in win-win situations. This does not mean that the Court harbors any animus toward the side that finds itself on the "losing" side of any particular challenge.

1  likely to have been based on information properly brought to his attention in the
2  performance of his judicial duties").

3  **IT IS SO ORDERED.**

4  Dated: January 16, 2026

_____
Honorable Todd W. Robinson
United States District Judge