

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMPSON,<br><br>                              Plaintiff,<br><br>v.<br><br>JAMES S. HILL, et al.,<br><br>                              Defendants. | Case No.:  24-cv-357-TWR-DDL<br><br>**ORDER ON PLAINTIFF'S MOTIONS [Dkt. Nos. 22, 42, 43, 59, 61]**<br>**and**<br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION TO DISMISS AS MOOT**<br>**[Dkt. No. 48]** |

Plaintiff is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions by Plaintiff: Motion for Early Discovery to Identify Doe Defendant, Motion for Good Cause Under Federal Rule of Civil Procedure 16(b)(4), Motion to Locate Defendant Under Seal, Motion to Request Update on Named Defendants, and Motion to Substitute Party and Request U.S. Marshal Service. Dkt. Nos. 22, 42, 43, 59, 61.

The Court construes Plaintiff's Motion for Good Cause (Dkt. No. 42) as a motion for leave to file a third amended complaint. Additionally, the Court construes Plaintiff's Motion to Request Update on Named Defendants (Dkt. No. 59) as a request for U.S.

Marshal service upon G. Galvan and D. Van. For the reasons stated below, these two motions are **GRANTED**. Plaintiff's remaining motions are **DENIED AS MOOT**.

Given the possibility of a superseding pleading, and as set forth more fully below, the undersigned further **RECOMMENDS** Defendants' Motion to Dismiss [Dkt. No 48] be **DENIED AS MOOT**.

I.

**BACKGROUND**

A.        **Plaintiff's Allegations**

Plaintiff is currently incarcerated at the Substance Abuse Treatment Facility and State Prison (SATF-SP) in Corcoran. Dkt. No. 44, Second Amended Complaint. Plaintiff's claims arise from his treatment while incarcerated at R.J. Donovan Correctional Facility (RJDCF). *Id.* at ¶ 2, 3.

Plaintiff was transferred to RJDCF on March 17, 2023, and he was placed in a shared cell with inmate Lemm. *Id.* at ¶ 3. Plaintiff has a medical condition that causes chronic fecal incontinence, and he frequently has to get up during the night to bathe himself and clean his sleeping area. *Id* at ¶ 4-5. These nighttime disruptions caused repeated threats and physical fights between Plaintiff and Lemm. *Id.* Plaintiff asked correctional officers to move cells multiple times, and they refused his requests. *Id.* at ¶ 8.

On September 13, 2023, Plaintiff had spinal surgery at an outside hospital. *Id.* at ¶ 10. After surgery, Plaintiff returned to his cell with Lemm for one night, but on September 16, 2023, Plaintiff was relocated to a single cell on the lower tier because his surgery prohibited him from going up stairs. *Id.* at ¶11-14. Plaintiff stayed in a single cell for the remainder of his time at RJDCF. *Id.* at ¶ 85.

On September 19, 2023, Plaintiff filed two requests seeking single cell status based on his incontinence: an ADA Reasonable Accommodation Request and a Healthcare 602 Grievance. *Id.* at 18-19. Both requests were denied, concluding that no intervention was needed. Dkt. No. 44-2 at 6; Dkt. No. 44-1 at 13. Plaintiff alleges that false statements were

made by the officials who evaluated his requests and argues that his incontinence should have justified single cell status. Dkt. No. 44 at ¶ 26-59.

On December 12, 2024, Plaintiff was transferred to SATF-SP, where he is currently incarcerated. *Id.* at ¶ 86. At SATF-SP, Plaintiff had a single cell until March 13, 2025, when he was required to take a cellmate. *Id.* Plaintiff's first cellmate at SATF-SP, inmate Dalton, caused no conflict. *Id.* at ¶ 88. However, Plaintiff's current cellmate has threatened Plaintiff's life. *Id.* at ¶ 91.

Plaintiff brings suit against the correctional officers who denied his informal requests to move cells at RJDCF and the officials who evaluated and denied his requests for single-cell status.

**B.    Procedural History**

Plaintiff filed his initial complaint on February 22, 2024. Dkt. No. 1. On December 23, 2024, Plaintiff filed the First Amended Complaint. Dkt. No. 14. The First Amended Complaint named the State of California, the California Department of Corrections and Rehabilitation, and fourteen individual defendants, including "ADA Sergeant/John Doe Named in RAP Response who came to Plaintiff's Door." *Id.* at 2.

On May 27, 2025, Judge Michael M. Anello, then the presiding District Judge, screened the First Amended Complaint and directed the U.S. Marshal to serve the named defendants, noting that Plaintiff must identify the John Doe ADA Sergeant, amend the complaint, and request U.S. Marshal service for the claim against John Doe ADA Sergeant to proceed. Dkt. No. 18 at 9, fn. 4. Between July and September 2025, all named defendants waived service. Dkt. Nos. 23-32, 35-37, 39, 45.

On July 14, 2025, Plaintiff filed the Motion for Early Discovery to Identify Doe Defendant, seeking to identify the John Doe ADA Sergeant. Dkt. No. 22. Between July 14, 2025, and September 2, 2025, Defendants gave Plaintiff a copy of the Interim Accommodation Procedure/Interview Worksheet, which was completed after Plaintiff filed his ADA request. Dkt. No. 42 at 1. This worksheet was signed by G. Galvan, Sergeant, and Van, SSA. On September 8, 2025, Plaintiff filed the Motion for Good Cause Under

24-cv-357-TWR-DDL

Federal Rule of Civil Procedure 16(b)(4), explaining that through the worksheet, he learned that the John Doe ADA Sergeant was G. Galvan. *Id.* Additionally, the worksheet revealed the identity of Van, SSA, a person who Plaintiff had not known was involved in the denial of his request. *Id.* Accordingly, Plaintiff sought to substitute G. Galvan for the John Doe ADA Sergeant and add Van, SSA as a defendant. *Id.* at 2.

On September 22, 2025, Plaintiff filed the Second Amended Complaint. Dkt. No. 44. The Second Amended Complaint names the same defendants as the First Amended Complaint but substitutes G. Galvan in the place of the John Doe ADA Sergeant. *Id.*

On October 13, 2025, all defendants except for G. Galvan filed a motion to dismiss. Dkt. No. 48. The motion seeks to dismiss the Second Amended Complaint as to all defendants except for the two correctional officer defendants, A. Gardner and M. Castro. *Id.* at 9, fn. 2. The motion notes that G. Galvan has yet to be served. *Id.* at 11, fn. 3.

On November 17, 2025, Plaintiff filed the Motion to Request Update on Named Defendants. Dkt. No. 59. Plaintiff states that in October 2025, he attempted to file a motion to request U.S. Marshal service on G. Galvan but never received the paperwork. *Id.* at 2. Additionally, he explains that on October 31, 2025, Defendants gave him information further identifying Van, SSA, as D. Van, ADA Analyst. *Id.* Thus, Plaintiff seeks to add D. Van as a defendant and direct U.S. Marshal service on both D. Van and G. Galvan. *Id.* On December 8, 2025, Plaintiff filed the Motion to Substitute Party and Request Marshal Service. Dkt. No. 61. Once again, Plaintiff requests that the U.S. Marshal serve both G. Galvan and D. Van. *Id.* at 3.

## II.

## DISCUSSION

### A.    Motion for Early Discovery to Identify Doe Defendant [Dkt. No. 22]

Plaintiff filed this motion seeking early, limited discovery to identify the John Doe ADA Sergeant named in the First Amended Complaint. Dkt. No. 22. As discussed above, the John Doe ADA Sergeant was identified as G. Galvan by the Interim Accommodation

Procedure/Interview Worksheet, which Defendants provided to Plaintiff. Because the identity of John Doe is known, the motion is **DENIED** as moot.

**B.    Motion for Good Cause Under F.R.C.P. 16(b)(4) [Dkt. No. 42]**

Plaintiff filed this motion on September 8, 2025, seeking to add D. Van as a defendant. Dkt. No. 42. Plaintiff explains that he did not know that D. Van was involved in evaluating his ADA accommodation request until he received the Interim Accommodation Procedure/Interview worksheet. *Id.* at 1. Van completed step 1 of the Interim Accommodation Assessment, finding that Plaintiff's request did not raise issues that may cause him injury or other harm while the request was being processed. *Id.* at 10. Plaintiff believes that Van's statement was false, leading to the denial of interim accommodations. *Id.* at 2-3.

Federal Rule of Civil Procedure 16(b)(4) concerns modification of a scheduling order and does not apply here given that no scheduling order has issued yet.  However, the Court has an obligation to "liberally construe" a *pro se* party's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)[1]. Accordingly, the Court liberally construes Plaintiff's Motion for Good Cause Under Rule 16(b)(4) as a motion for leave to amend the complaint to add D. Van as a defendant.

*1.  Legal Standard*

Federal Rule of Civil Rule 15(a)(2) directs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow a party to amend, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The Court must be especially

---

[1] Unless otherwise noted, all citations are omitted, and in direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added.

generous permitting a *pro se* plaintiff to amend his or her pleadings. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Considering the liberality espoused by the Federal Rules, the Court should not deny a motion to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962).

 *2. Application*

The Court begins with the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

 The Court turns to the "countervailing considerations [of] undue delay, prejudice, bad faith, [and] futility." *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023). The Court finds nothing in the record to support a finding of bad faith or undue delay. Although it is unclear exactly when Plaintiff obtained the Interim Accommodation Procedure/Interview Worksheet, Plaintiff waited at most forty-five days after learning of Van's involvement to request to add him as a defendant. Considering Plaintiff's incarceration and *pro se* status, this does not constitute undue delay. Likewise, the Court cannot find Defendants would be prejudiced by the amendment. The case is in its early stages, and discovery has not yet commenced.

Further, Defendants have not shown that granting leave to amend would be improper. On October 24, 2025, the Court ordered Defendants to respond with their position on Plaintiff's Motion for Good Cause. Dkt. No. 52. Defendants' response improperly characterized the motion as a "Motion for Early Discovery" to determine the identity of "Van SSA," despite Plaintiff's clear request to add Van as a defendant. Dkt. No. 56. Defendants argued that the motion should be denied as moot, as they had sent Plaintiff a letter identifying Van more fully. *Id.*

For these reasons, Plaintiff's request for leave to amend his complaint is **GRANTED.** Plaintiff shall file his amended complaint **by not later than March 2, 2026**.

Plaintiff is advised that his amended complaint will supersede the current complaint, which means that the amended complaint must be complete on its face without reference to the prior pleading.  As such, the Third Amended Complaint must include all causes of action against all named defendants. The Third Amended Complaint must also comply with Federal Rule of Civil Procedure 8 in all respects, meaning "each claim and the involvement of each defendant must be alleged; ... [and] must include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." *Turley v. Lezano*, No. 3:22-CV-1719-GPC-DDL, 2023 WL 3727939, at *2 (S.D. Cal. May 30, 2023) (citing Fed. R. Civ. P. 8(a)(1)-(3)).

**C.      Motion to Locate Defendant Under Seal [Dkt. No. 43]**

After the Court directed U.S. Marshal service of the named defendants in the First Amended Complaint, Plaintiff received notice that they were unable to serve defendant L. Schobelock, who was on leave and receiving workers' compensation. Dkt. No. 43. On September 8, 2025, Plaintiff filed this motion seeking to obtain the last known address of L. Schobelock so that she could be served. *Id.* at 2. However, L. Schobelock had already waived service on August 8, 2025. Dkt. No. 35. Additionally, L. Schobelock appeared in Defendants' motion to dismiss. Dkt. No. 48. Because service of L. Schobelock is not needed, the motion is **DENIED AS MOOT**.

**D.      Motion to Request Update on Named Defendants [Dkt. No. 59]**

Plaintiff filed this motion on November 17, 2025. Dkt. No. 59. Plaintiff explains that he attempted to request U.S. Marshal service upon G. Galvan but never received the paperwork. *Id.* at 2. Additionally, Plaintiff explains that he now knows Van's identity in greater detail as D. Van, ADA Analyst. *Id.* Plaintiff asks to name D. Van as a defendant and for the Court to order service upon both G. Galvan and D. Van. *Id.* at 3.

Because the Court grants Plaintiff's Motion for Good Cause, construed as a motion for leave to amend, this motion is **DENIED IN PART AS MOOT**. To the extent Plaintiff requests that the Court order U.S. Marshal service upon G. Galvan, the motion is

**GRANTED.** To the extent Plaintiff requests service upon D. Van, the motion is **GRANTED,** subject to D. Van being named as a defendant in the Third Amended Complaint.

**E.      Motion to Substitute Party and Request Marshal Service [Dkt. No. 61]**

Plaintiff filed this motion on December 8, 2025. Plaintiff requests that the U.S. Marshal serve both G. Galvan and D. Van. *Id.* at 3. Because these requests are raised in Plaintiff's Motion to Request an Update on Named Defendants and addressed above, this motion is **DENIED** as moot.

**F.      Recommendation Regarding Motion to Dismiss [Dkt. No. 48]**

Rather than expend judicial resources resolving a Motion to Dismiss that pertains to a superseded complaint, the Court finds the interests of judicial economy would be best served by requiring Defendants to respond to Plaintiff's Third Amended Complaint. *See De Souza v. Dawson Tech.*, *Inc.*, No. 21-CV-1103 JLS (MSB), 2022 WL 3006045, at *4 (S.D. Cal. July 28, 2022) (finding the "[p]arties' and the Court's resources" would not be well spent "deciding a Motion to Dismiss that is potentially obviated by" a forthcoming amendment to the complaint). For these reasons, the undersigned **RECOMMENDS** Defendants' motion to dismiss be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that Defendants be ordered to respond to Plaintiff's Third Amended Complaint, whether by responsive pleading or renewed motion, within **21 days** of the entry of the Third Amended Complaint on the docket.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.

### <u>CONCLUSION</u>

For the reasons above, the Court:

1. **DENIES AS MOOT** Plaintiff's Motion for Early Discovery to Identify Doe Defendant [Dkt. No. 22].

2. **GRANTS** Plaintiff's Motion for Good Cause Under Federal Rule of Civil Procedure Rule 16(b)(4) [Dkt. No 42], construed as a motion for leave to amend. Plaintiff must file the amended complaint by **<u>March 2, 2026</u>**. Plaintiff shall title the document "Third Amended Complaint."

3. **ORDERS** Plaintiff to serve upon Defendants a copy of the Third Amended Complaint.

4. **GRANTS IN PART** Plaintiff's Motion to Request Update on Named Defendants [Dkt. No. 59] and **DIRECTS** the Clerk to issue a summons as to Plaintiff's Third Amended Complaint, once it is filed, upon Defendants G. Galvan and D. Van, and forward it to Plaintiff along with two blank U.S. Marshal Form 285s. Additionally, the Clerk will provide Plaintiff with certified copies of the Third Amended Complaint and the summons so that he may serve these defendants. Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides.

5. **DENIES AS MOOT** Plaintiff's Motion to Locate Defendant Under Seal [Dkt. No. 43].

6. **DENIES AS MOOT** Plaintiff's Motion to Substitute Party and Request Marshal Service [Dkt. No. 61].

7. Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.3, the undersigned Magistrate Judge respectfully RECOMMENDS that the District Judge DENY AS MOOT Defendants' motion to dismiss [Dkt. No. 48] and order Defendants to

24-cv-357-TWR-DDL

respond to Plaintiff's Third Amended Complaint, if one is filed, within 21 days of its entry on the docket.

Any objection to this Report and Recommendation must be filed with the Court and served on all parties by **February 5, 2026**. The document should be titled "Objections to Report and Recommendation." A party who fails to timely object may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  January 20, 2026

_____
Hon. David D. Leshner
United States Magistrate Judge

24-cv-357-TWR-DDL